**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMIEN LEE DAVIS,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>CHRISTIE MYER, Chief of Probation; TIM WARD, District Attorney (Tulare County),<br><br>    Defendants-Appellees. | No. 19-16512<br><br>D.C. No. 2:19-cv-00136-JAM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Damien Lee Davis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a deprivation of

personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*,

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Davis's action because Davis failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (a person subjects another to deprivation of a constitutional right within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made" (citations and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Davis's contention that the district court violated his right to due process.

**AFFIRMED.**